J. Clayton Cheshire (Kentucky Bar 97143)
*Email*: clay@munitionsgroup.com
Cheshire DeBrosse, P.C.
2843 Brownsboro Road, Suite 106
Louisville, Kentucky 40206
*Telephone*: (888) 399-7863
*Facsimile*: (678) 809-3215

Scott L. Braum (*pro hac vice* to be submitted)
*Email*: slb@braumrudd.com
Timothy R. Rudd (*pro hac vice* to be submitted)
*Email*: trr@braumrudd.com
BRAUM|RUDD
812 East Franklin Street
Dayton, Ohio 45459
*Telephone*: (937) 396-0089
*Facsimile*: (937) 396-1046

Attorneys for Petitioner

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| CAROL ROTH<br>4800 Chenoweth Run Road<br>Louisville, Kentucky 40299<br><br>       Petitioner,<br><br>v.<br><br>ADAM P. ROGERS<br>Director of Industry Operations<br>Bureau of Alcohol Tobacco<br>Firearms and Explosives<br>600 Dr. Martin Luther King Jr. Place, Suite 500<br>Louisville, Kentucky 40202<br><br>       Respondent. | Case No.:   3:23CV-98-GNS<br><br>District Judge:_____<br><br>Magistrate Judge:_____<br><br>**PETITION FOR**<br>**JUDICIAL REVIEW** |

Now comes the Petitioner, Carol Roth, by and through counsel, and for her Petition for Judicial Review of Respondent's January 13, 2023, Final Notice of Denial of Application or Revocation of Firearms License, states as follows:

1. This is a petition for *de novo* judicial review of the denial of an application for a federal license as a dealer in firearms other than destructive devices, and this action is being timely brought pursuant to 18 U.S.C. 923(f)(3) and its related regulations.

## PARTIES

2. Petitioner is an individual residing in the State of Kentucky at 4800 Chenoweth Run Road in Louisville, Kentucky.

3. Respondent, Adam P. Rogers ("DIO Rogers") is the Director of Industry Operations overseeing the Louisville Field Division of the Bureau of Alcohol Tobacco Firearms and Explosives ("ATF").

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. 1331 as it arises under the Constitution and laws of the United States, specifically 18 U.S.C. 923(f)(3), *et seq,* and its related regulations.

5. Venue is proper in the Western District of Kentucky as Petitioner's residence and intended principal place of business is located within the district in Louisville, Kentucky.

## FACTS

6. Petitioner applied for a license to operate as a Federal Firearms Licensee dealer ("FFL") licensed by ATF within the jurisdiction of the Louisville Field Division and DIO Rogers.

7. Petitioner meets all qualifications set forth in 18 U.S.C. § 923(d)(1).

8. On October 11, 2022, ATF issued a Notice of Denial notifying Petitioner that her application for a federal firearms license application was being denied.

9. Pursuant to 18 U.S.C. § 923(f)(2), Petitioner timely requested an administrative hearing with respect to the denial of her FFL application and a hearing was held in Louisville, Kentucky on December 13, 2022.

10. On January 13, 2023, Petitioner received a Final Notice of Denial of Application or Revocation of Firearms License from DIO Rogers (the "Final Notice").

11. Petitioner has never previously held an FFL or been a responsible person on anyone else's FFL.

12. The Final Notice sets forth certain purported findings of fact and conclusions of law regarding DIO Rogers' denial of Petitioner's FFL application with respect to, among other things, alleged violations of the Gun Control Act by another licensee under a different license.

13. The findings of facts and conclusions of law set forth in the Final Notice are erroneous and unsupported by credible evidence.

## COUNT I
### Denial of Application

14. Paragraphs 1-13 are incorporated as if restated in full herein.

15. In the Final Notice, DIO Rogers concluded that Petitioner had willfully failed to disclose material information in connection with the application.

16. Specifically, DIO Rogers concluded that Petitioner willfully violated 18 U.S.C. § 923(d)(1)(D), and 27 C.F.R. § 478.47(b)(4) by failing to disclose her husband, Martin J. Roth, as an additional owner and Responsible Person on the application.

17. Petitioner applied for an FFL as an individual and in her own individual capacity. Martin Roth is not an owner of Carol Roth and neither did nor could have performed any activity requiring him to be identified as a Responsible Person on Carol Roth's FFL before it was even issued.

18. Petitioner is qualified to be issued an FFL under 18 U.S.C. § 923(d) and ATF was required to issue her a license under the law.

## COUNT II
### Contravention of ATF Policies and Procedures

19. Paragraphs 1-13 are incorporated as if restated in full herein.

20. ATF has announced and follows a general policy that governs the denial of an FFL application.

21. ATF has departed from its policies and procedures in denying Petitioner's FFL application.

22. Such departure calls for the denial to be overturned under *INS v. Yang,* 519 U.S. 26, 32 (1995) and 5 U.S.C. § 706(2).

## COUNT III
### Attorney Fees - GCA

23. Paragraphs 1-22 are incorporated as if restated in full herein.

24. Pursuant to the Gun Control Act, 18 U.S.C. § 924(d)(2)(B), "[i]n any other action or proceeding under the provisions of this chapter, the court, when it finds that such action was without foundation, or was initiated vexatiously, frivolously, or in bad faith, shall allow the prevailing party, other than the United States, a reasonable attorney's fee, and the United States shall be liable therefor."

25. DIO Rogers' denial of Carol Roth's FFL application was without foundation.

26. Upon resolution of this matter in Carol Roth's favor, Carol Roth is entitled to attorney's fees under 18 U.S.C. § 924(d)(2)(B).

## COUNT IV
### Attorney Fees – EAJA

27. Paragraphs 1-22 are incorporated as if restated in full herein.

28. Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A), "[e]xcept as otherwise provided by a statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."

29. DIO Rogers' denial of Carol Roth's FFL application was without substantial justification and no special circumstances would make an award of attorney fees in favor of Carol Roth unjust.

30. Upon resolution of this matter in Carol Roth's favor, Carol Roth is entitled to attorney's fees under 28 U.S.C. § 2412(d)(1)(A).

WHEREFORE, Petitioner respectfully requests that this honorable Court enter judgment in her favor and against Respondent, declare that sufficient grounds for denying Petitioner's FFL application do not exist and that Respondent's denial was without foundation, order that the Final Notice is rescinded and that Petitioner's application is approved, award costs and reasonable attorney fees, and award any further relief deemed just and appropriate.

February 28, 2023

Respectfully submitted,


/s/ J. Clayton Cheshire
J. Clayton Cheshire (Kentucky Bar 97143)
*Email*: clay@munitionsgroup.com
Cheshire DeBrosse, P.C.
2843 Brownsboro Road, Suite 106
Louisville, Kentucky 40206
*Telephone*:  (888) 399-7863
*Facsimile*:  (678) 809-3215

Scott L. Braum (*pro hac vice* to be submitted)
*Email*: slb@braumrudd.com
Timothy R. Rudd (*pro hac vice* to be submitted)
*Email*: trr@braumrudd.com
BRAUM|RUDD
812 East Franklin Street
Dayton, Ohio 45459
*Telephone*: (937) 396-0089
*Facsimile*: (937) 396-1046

Attorneys for Petitioner